# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2020

Lyle W. Cayce
Clerk

No. 20-40099
Summary Calendar

HUMBERTO ROSALES CRUZ,

*Plaintiff—Appellant*,

*versus*

DOCTOR RODRIGUEZ; MARTINEZ; MADRIGAL; RAMIREZ,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CV-297

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Texas inmate Humberto Rosales Cruz filed a pro se action under 42 U.S.C. § 1983 and proceeded in forma pauperis. Cruz alleges the following: While housed in the McConnell Unit in Beeville, Texas, he fell off the top bunk, broke his left arm, and injured his left knee. Cruz attempted to get

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40099

Defendant Ramirez's attention but was unable to do so until 30 minutes after the incident. A prison doctor, Defendant Rodriguez, evaluated Cruz, diagnosed him with a broken arm, and referred him to the nearest emergency room. The guard who transferred Cruz to the emergency room, Defendant Martinez, handcuffed Cruz despite knowing that his arm was broken. Another guard, Defendant Madrigal, made sarcastic remarks to Cruz about his injury. At the hospital, Cruz received an x-ray and a soft bandage. He then returned to the prison and was placed in the same cell.

Cruz was transferred to the Jester 3 Unit in Richmond, Texas to receive physical therapy. He was assigned to work in the kitchen without medical restrictions. Cruz was transferred again to the Stevenson Unit in Cuero, Texas, and he claims that he was denied proper physical therapy and medication for his injuries.

The magistrate judge recommended dismissing the complaint with prejudice for failure to state a claim or as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). According to the magistrate judge, Cruz failed to plead that Defendants were aware of a serious risk of harm and that they deliberately ignored that risk. *See Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) ("[T]he plaintiff must show that the officials . . . engaged in [] conduct that would clearly evince a wanton disregard for any serious medical needs.").

Cruz did not object to the magistrate judge's memorandum and recommendation. The district court adopted the magistrate judge's recommendation in its entirety, dismissing Cruz's complaint with prejudice.

Because Cruz failed to object to the magistrate judge's recommendation, we review his appeal for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). On appeal, Cruz mostly

No. 20-40099

recites his complaint. He does not identify any error the district court made, much less an error that was clear or obvious. *See Puckett v. United States,* 556 U.S. 129, 135 (2009).

The district court's judgment is therefore AFFIRMED. And the district court's dismissal of Cruz's suit constitutes a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). Cruz is WARNED that accumulating three strikes will preclude him from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).